```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN A. REX                  :     CIVIL ACTION
                               :
        v.                     :
                               :
JEREMY FISHER, et al.          :     NO. 12-4045
```

                            MEMORANDUM

MCLAUGHLIN, J.                                   AUGUST 14, 2012

    Plaintiff Steven A. Rex brings this action against police officer Jeremy Fischer[1] and the Slatington Police pursuant to 42 U.S.C. § 1983, based on an alleged false arrest and illegal search. He seeks to proceed in forma pauperis. Plaintiff will be granted leave to proceed in forma pauperis because he has satisfied the requirements set forth in 28 U.S.C. § 1915(a). Furthermore, for the following reasons, the Court will stay this case pursuant to Younger v. Harris, 401 U.S. 37 (1971).

    According to the complaint and the publicly available docket of plaintiff's related criminal proceeding, plaintiff was in an accident on July 8, 2011. Officer Fischer arrived on the scene and eventually handcuffed plaintiff "without telling [him] why." (Compl. ¶ V.) Plaintiff asked his niece to call Josh Caroly, who is presumably plaintiff's lawyer, but Fischer "prevented [her] from calling" by misinforming her that Caroly was no longer practicing law. (Id.) Fischer took plaintiff to central booking

---

[1] Although plaintiff used the spelling "Fisher" in his complaint, the publicly available docket from plaintiff's related criminal proceeding uses the spelling "Fischer." Accordingly, the Court will use the latter spelling.

1

and then to the hospital for medical treatment. Plaintiff was discharged from the hospital approximately three hours later.

Fischer took plaintiff back to central booking and prepared a criminal complaint against him, which included information pertaining to plaintiff's blood-alcohol content. According to the public docket, CP-39-CR-0003238-2011, plaintiff was charged in Lehigh County with driving under the influence, among other things. Plaintiff asserts that, at a preliminary hearing in that case, Fischer testified that he obtained plaintiff's medical information after procuring a search warrant. However, according to plaintiff, Fischer could not have procured a warrant because he was standing by plaintiff for the duration of his hospital visit and admitted that he "did not leave [plaintiff's] side." (Compl. Continuation of ¶ V.) Based on those facts, plaintiff raises Fourth-Amendment claims based on his alleged false arrest and the illegal search of his medical records. He seeks $5 million in damages and removal of Officer Fischer from the profession of law enforcement. (Id. ¶ VI.)

In Younger v. Harris, the Supreme Court recognized that the "longstanding public policy against federal court interference with state court proceedings" generally requires federal courts to abstain from involvement in state criminal proceedings absent exceptional circumstances. 401 U.S. 37, 43-44 (1971). Abstention under Younger is appropriate when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the

2

state proceedings afford an adequate opportunity to raise federal claims." Kendall v. Russell, 572 F.3d 126, 131 (3d Cir. 2009). If those criteria are met, a district court may exercise its discretion to abstain, id., even if the plaintiff only seeks damages. See Monaghan v. Deakins, 798 F.2d 632, 636 (3d Cir. 1986) ("Younger bars federal adjudication of constitutional claims if there is a qualifying, ongoing state proceeding in which those claims could be adjudicated, regardless of the relief requested by the federal plaintiff."), vacated in part on other grounds, Deakins v. Monaghan, 484 U.S. 193 (1988). Younger abstention may be raised sua sponte. See O'Neill v. City of Phila., 32 F.3d 785, 786 n.1 (3d Cir. 1994).

The first two criteria for applying Younger are met here because the criminal proceeding against plaintiff is ongoing, as the docket reflects that plaintiff's trial is scheduled for September 10, 2012, and because the proceeding implicates the Commonwealth's important interest in bringing to justice those who violate its criminal laws. See Younger, 401 U.S. at 51-52. The third criteria is also met because plaintiff has the opportunity to raise his Fourth-Amendment challenges in the course of his criminal proceeding. See Cormack v. Settle-Beshears, 474 F.3d 528, 532 (8th Cir. 2007) (abstention appropriate because "state criminal proceedings against [plaintiff] are still pending before an Arkansas district court in which he can presumably raise the Fourth Amendment in defense."); Simpson v. Rowan, 73 F.3d 134, 138 (7th Cir. 1995)

(Younger abstention appropriate when plaintiff sought "damages for injuries allegedly caused by the warrantless search of his apartment and his unlawful arrest-claims which may also be involved in the underlying state court criminal prosecution"); see also Bresko v. John, 31 F. App'x 56, 59-60 (3d Cir. 2002) (abstention from adjudication of plaintiff's unlawful arrest and seizure claims was reasonable while the proceedings were ongoing). Accordingly, the Court will abstain from adjudicating plaintiff's claims at this time, and will stay this case pending the outcome of the related criminal proceeding.[2] See Deakins, 484 U.S. at 202 ("[T]he District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding.") (footnote omitted).

---

[2] Although Younger abstention is inappropriate if a plaintiff can establish that state proceedings have been "undertaken in bad faith or for purposes of harassment" or that "some other extraordinary circumstances" justify intervention, see Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003), the complaint does not suggest the existence of any such circumstances in this case.

4